**FILED**



*3:17 pm, 9/22/22*

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

WILLIAM DALE MACLEOD,

      Plaintiff,

vs.

LOLCOW LIMITED LIABILITY
CORPORATION,

      Defendant.

Case No.  22-CV-207-F

---

**ORDER REQUIRING PLAINTIFF TO SHOW CAUSE OR AMEND COMPLAINT
AND
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**

---

This case is before the Court for initial review of pro se Plaintiff William Dale MacLeod's 's complaint. ECF No. 1. Plaintiff did not pay the filing fee and filed a motion to proceed without prepayment of fees, or in forma pauperis ("IFP"). ECF No. 2. When the plaintiff seeks IFP status, "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Court also has an obligation to review whether it has subject-matter jurisdiction at all times, and in this case the Court has concerns that the Complaint does not sufficiently allege subject-matter jurisdiction.

I.    *Fact Allegations*

    Plaintiff alleges he

has been subject to criminal harassment (online-stalking), defamatory information being published, and racial remarks being published on the site www.kiwifarms.net, which is ow[ned] and operated by Lolcow LLC in the State of Wyoming. The intent of the website ran by the defendant is to permit users of the site to engage in criminal harassment (§2261 A, Chapter 11 0A, Title 18) and commit hate crimes (§249(a)( 1 )(2), Chapter 13, Title 18). The offences committed by individual users (the various Janes and John Does) are protected and upheld by the defendant and have damaged the life of the plaintiff and causes undue anxiety to the plaintiff. The acts of the defendant and the Janes and John Does who utilise this site have also affected multiple victims of these persons and the defendant.

Plaintiff includes 38 pages of attachments. The first 24 pages appear to be printouts of an internet "Forum > Lolcow Farms > Animal Control" and the results of an internet search for "alextheligre." Most of the text, however, is printed too light and illegible. The Court understands the gist to be that individuals anonymously commented or posted information regarding Plaintiff on a website known as KiwiFarms.net. One of the legible posts by an anonymous person reads: "Our mean words about trannies, furries, and fatties are obviously the biggest threat to the US!" ECF 1 at 8. Other posts question "alextheligre"'s assertion that he is of indigenous race.

Plaintiff also attaches to the Complaint an application to the Ontario Ministry of Government and Consumer Services to change his name in August 2021 or August 2022. Some of the pages are signed, while others are not. In the application, Plaintiff states that he seeks to change his name in part to conform to his non-binary gender identity and in part because of defamation.

For relief, Plaintiff

seeks not more than $ 100,000.00 in punitive and compensatory damages for the acts, errors and ommissions [sic] committed by the defendant and the Jane and John Does who utilise the website unless determined otherwise by a jury. The Plaintiff

2

also seeks criminal penalty against the defendant and Jane and John Does. The Plaintiff also seeks that the website, and the defendant, cease operations.

He also seeks "a class action under the Federal Rules of Civil Procedure or permitting criminal prosec[u]tion between state and federal jurisdictions."

## II.    Standard of Review

At this initial phase, the Court must take all well-pleaded factual allegations as true and view those facts in the light most favorable to the plaintiff. *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008).  Dismissal is proper if, taking those facts as true, the plaintiff has failed to present a plausible right to relief. *Id. See also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins,* 519 F.3d at 1247 (quoting *Twombly,* 550 U.S. at 556).  "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555). But "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable and that a recovery is very remote and unlikely." *Twombly,* 550 U.S. at 556.

To state a claim, the complaint must further specify: "1) what each defendant did to [plaintiff]; 2) when the defendant did it; 3) how the defendant's actions harmed [plaintiff]; and 4) what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).

In evaluating whether a complaint sufficiently states a claim for relief, the Court is generally constrained to the substance of the complaint and documents attached to it. *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir. 2010) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)). "[I]f there is any dispute between the allegations in the complaint and the content of the attached exhibit, the exhibit controls." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.,* 861 F.3d 1081, 1105 (10th Cir. 2017).

"[T]he fact that a district court does not dismiss a complaint under § 1915[] does not mean that the complaint will necessarily withstand a defendant's challenge to its plausibility under Rule 12(b)(6)." *Garewal v. Sliz,* 611 F. App'x 926, 931 (10th Cir. 2015) (footnote omitted).

Plaintiff is pro se. The Court accordingly construes his pleading liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis,* 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). Liberal construction means that if the Court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, … or his unfamiliarity with pleading requirements." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court cannot act as an advocate for the pro se litigant. *Id.* "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005).

4

III.   *Analysis*

Before reviewing whether Plaintiff states a claim for relief, the Court must determine whether it has subject-matter jurisdiction. The federal courts are courts of limited jurisdiction, and the Court has a responsibility to raise this issue at all phases of a case. Plaintiff completed the pro se complaint form, referring to Defendant as a "limited liability corporation," "limited liability partnership," and "LLC." Defendant appears to allege the Defendant is a Wyoming limited liability company, and he alleges the Court has diversity jurisdiction under 28 U.S.C. § 1332. The Court would have diversity jurisdiction for instance of actions between a citizen of a State or States (of the United States) and a citizen of a foreign state (such as Plaintiff, a citizen and resident of Ontario, Canada). 28 U.S.C. § 1332(a)(2), (3).

The Court's pro se complaint form would benefit from updating because it does not reflect that defendants who are limited liability companies or partnerships take their citizenship from their members (owners) instead of the entity's state of organization and principal place of business. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). "Yet even pro se plaintiffs ... bear the burden of demonstrating a proper basis for a federal court's subject-matter jurisdiction." *Soto v. Kalatzes*, 21-4103, 2022 WL 1831258, at *2 (10th Cir. June 3, 2022) (unofficially published).

Plaintiff alleges Lolcow, LLC has its office in Wyoming, but he does not allege any facts, even on information and belief, regarding where the LLC's owner or owners are citizens. Some of the legible posts in the Complaint's attachment refer to the conduct at

issue occurring in the United States, but those posts do not regard the owners of Lolcow, LLC. The Court recognizes that Wyoming law does not require public disclosure of a Wyoming LLC's owners. Wyo. Stat. § 17-29-201, 17-29-203. But the Court concludes the Complaint would have to allege at least on information and belief that the Defendant's owner or owners are citizens of the United States for the Court to have subject-matter jurisdiction. Plaintiff also does not identify any federal-question jurisdiction. 28 U.S.C. § 1331.

The Court accordingly orders Plaintiff to SHOW CAUSE by October 21, 2022 why the complaint should not be dismissed without prejudice for lack of subject-matter jurisdiction. Plaintiff may instead file an amended complaint that addresses this deficiency by the same date. If Plaintiff timely files an amended complaint, he must also ensure that any attachments to the complaint he wishes the Court to consider are legible.

Unless the Court gives leave to file a document as non-public, filings in the Court are publicly available. The attachments to the Complaint include personal and financial information that appears to be within the privacy protection of Federal Rule of Civil Procedure 5.2, but Plaintiff is responsible for redacting that information if he wishes to protect it.

If the Court lacks subject-matter jurisdiction, it is unnecessary to review whether Plaintiff states plausible claims for relief. However, the Court notes that criminal prosecution is not an available remedy in a civil action. Only the governmental authorities can bring a criminal prosecution. Class actions are also not available to pro se plaintiffs who are not lawyers, because a pro se person can only represent himself, not others. *See,*

6

*e.g., Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).  Pro se plaintiffs who purport to bring a class action must themselves be able to bring the claim before the Court can later consider whether appointment of counsel to represent a class is appropriate.  There is no right to an attorney in civil cases.

Finally, Plaintiff moves for leave to proceed in forma pauperis in this case.  ECF 2. He has completed the required financial declaration, and he qualifies financially.  The motion is therefore granted.

*IV.    Conclusion*

Plaintiff's motion for IFP is GRANTED, and he can proceed without prepayment of fees.

Plaintiff shall SHOW CAUSE or file an amended complaint addressing the deficiency in subject-matter jurisdiction by **October 21, 2022.**  Plaintiff must send his filing or filings with sufficient time for the Court to receive them by that date.  If the Court does not timely receive Plaintiff's response to the show cause order or an amended complaint addressing the deficiency, this case will be dismissed without prejudice without further notice.

Dated this _____ day of September, 2022.

NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE