IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



FILED

**Margaret Botkins
Clerk of Court**

2:25 pm, 10/14/22

| | |
|---|---|
| WILLIAM DALE MACLEOD,<br><br>    Plaintiff,<br><br>vs.<br><br>LOLCOW LIMITED LIABILITY CORPORATION,<br><br>    Defendant. | Case No.  22-CV-207-F |

ORDER DISMISSING WITHOUT PREJUDICE

This case is before the Court on its order to show cause why the case should not be dismissed for lack of subject-matter jurisdiction.  ECF 3.  That order required the pro se Plaintiff William Dale MacLeod to address the deficiency noted regarding the citizenship of the member(s) of Defendant Lolcow, a limited liability company.[1]

As the show cause order states, defendants who are limited liability companies take their citizenship from their members (owners) instead of the entity's state of organization and principal place of business.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1237-38 (10th Cir. 2015).  In the original complaint, Plaintiff alleges Lolcow, LLC has its office in Wyoming, but he does not allege any facts, even on information and belief, regarding where the LLC's owner or owners are citizens.  Some of the legible posts in the Complaint's attachment refer to the conduct

---

[1] Plaintiff refers to Lolcow as a limited liability corporation.  The Court takes judicial notice from the public files of the Wyoming Secretary of State that Lolcow is a Wyoming limited liability company.  *See* https://wyobiz.wyo.gov/Business/FilingDetails.aspx?eFNum=253123080043020123121173040218168187120137092248, last accessed October 14, 2022.

at issue (by users of the website that Lolcow operates) as occurring in the United States, but those posts were not made by and do not regard the owners of Lolcow, LLC.  The show cause order informed Plaintiff that his Complaint would have to allege at least on information and belief that the Defendant's owner or owners are citizens of the United States for the Court to have subject-matter jurisdiction.  The Court required Plaintiff to either address why the current complaint should not be dismissed for lack of jurisdiction or to amend the complaint to address this deficiency.

Plaintiff filed an amended complaint.  ECF 4.  However, the amended complaint does not address the noted deficiency; Plaintiff does not allege the citizenship of the owner(s) or member(s) of Lolcow. Plaintiff addresses why he meets the diversity requirements, but the Court did not question that Plaintiff could bring the lawsuit here.  The amended complaint refers to a federal law (the First Amendment of the U.S. Constitution), but does so only to dispute that the law provides a defense to Lolcow.  A federal defense does not suffice for the Court to have federal-question jurisdiction, which requires the "civil action[] aris[e] under the Constitution," not the defenses.  28 U.S.C. § 1331.

Accordingly, because the complaint and amended complaint do not allege facts from which the Court can infer either diversity or federal question jurisdiction, this case is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

Dated this 14th day of October, 2022.

_____
NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE